Marshall, C. J.
 

 This cause originated in the court
 

 of common pleas of Cuyahoga county, in which Charles E. Warden sued the H. E. Culbertson Company and the Pennsylvania Railroad Company, jointly. This cause involves the same record as
 
 H. E. Culbertson Co.
 
 v.
 
 Warden, ante,
 
 297, 175 N. E., 205, this day decided.
 

 The petition alleged that the two defendants in the trial court were engaged in the construction of an overhead trestle over one of the streets in the city of Cleveland, Ohio; that said street is a busy thoroughfare, and that in the course of the construction of said trestle it was required that a temporary trestle be constructed to permit the operation of trains over said street during the course of the construction of the permanent overhead trestle; that said temporary trestle necessarily limited the use of said thoroughfare and impeded in some measure the passage of street cars, other vehicles, and pedestrians; that the construction of the temporary as well as the permanent trestle was the enterprise of the Pennsylvania Railroad Company, and that the H. E. Culbertson Company was employed as a contractor to execute the work. It does not appear that the railroad company specified any particular mode of doing the work, or that it expressly reserved the
 
 *306
 
 right of superintendence over the work, or that there was any defect in any of the permanent construction, which was the cause of damage or injury.
 

 It is the claim of the defendants, and more particularly the claim of the Pennsylvania Railroad Company, that there was nothing inherently dangerous in the work to be done, which would make it incumbent upon the railroad company to exercise a personal superintendence, or to take unusual or extraordinary precaution to guard the public from danger during the course of the execution of the work. It is conceded that the Culbertson Company was an independent contractor, and it may be stated as a general principle that the railroad company is not chargeable for any acts of negligence on the part of the contractor, unless there is something about the situation which makes it an exception to the general rule of exemption of an owner for the negligent acts of an independent contractor. It is alleged that said temporary trestle was a wooden framework consisting of large wooden poles placed in various positions parallel to said street, upon which the framework of poles and temporary ties and tracks were laid, and that a large wooden plank was attached to one of said poles, which plank extended a distance of approximately four feet towards the portion of the highway left open for travel, said obstruction being about three or four feet above the pavement of said roadway.
 

 Warden was a patrolman of the city of Cleveland, and was passing under the temporary trestle, on a motorcycle, in the night season, and, it is alleged, came in contact with said plank, as a result of which he was severely injured. The court charged the
 
 *307
 
 jury upon the subject of the responsibility of an owner for the acts of. an independent contractor, as follows: “In connection with the contract I desire to call the jury’s attention further to the
 
 [Covington & Cincinnati Bridge Co.
 
 v. Steinbrock] 61 Ohio State, page 215 [55 N. E., 618, 76 Am. St. Rep., 375], where the first syllabus reads as follows: ‘Where danger to others is likely to attend the doing of a certain work, unless care is observed, the person having it to do is under a duty to see that it is done with reasonable care, and cannot, by the employment of an independent contractor, relieve himself of liability for injuries resulting to others from the negligence of the contractor or his servant.’ It is for the jury to say whether or not the law that I have read has application to this ease; whether or not the work was dangerous, in the first place. That is a question for the jury’s consideration.”
 

 It will be seen that the court did not undertake to determine as a matter of law whether the construction of the temporary trestle and its existence in the street was inherently dangerous to persons lawfully traveling along and over the street, but it was left to the jury to determine as a question of fact whether or not danger to others was likely to attend the doing of the work.
 

 The instruction upon this subject was not as full as it might have been, but counsel for the railroad company made no requests for further instructions. The verdict was against both defendants jointly.
 

 The question of responsibility of an owner for the negligence of an independent contractor may be one of law, or of fact, or of mixed law and fact, depending upon the circumstances of the particular
 
 *308
 
 case. The court of common pleas proceeded upon the theory that it was a question of mixed law and fact, and left the liability of the owner to the determination of the jury, upon instruction, in harmony with the case of
 
 Covington & Cincinnati Bridge Co.
 
 v.
 
 Steinbrock & Patrick,
 
 61 Ohio St., 215, 55 N. E., 618, 76 Am. St. Rep., 375. The Court of Appeals reversed the judgment against the railroad company, holding that it was not guilty of any negligence. The reversal by the Court of Appeals was evidently upon the theory that there was nothing inherently dangerous in the work, and that the contractor was in full charge of its details.
 

 The circumstances surrounding the execution of a contract by an independent contractor might be such that it could properly be stated that, as a matter of law, there would be no liability on the part of the owner. On the other hand, the circumstances might be such as to make it very clear that the owner would carry a legal responsibility for the negligence of the contractor, to be determined by the court without submission to the jury. Between these two extremes, the circumstances may be so complicated that minds might easily differ as to the danger attendant upon the execution of the work, resulting in different conclusions as to the duty of the owner to exercise care to avoid injury to third persons.
 

 The case at bar is in the twilight zone between the two extremes, and this fact is demonstrated by the disagreement between the trial court and the Court of Appeals. The principle declared in
 
 Covington & Cincinnati Bridge Co.
 
 v.
 
 Steinbrock & Patrick, supra,
 
 is directly applicable to this case, because the construction was upon and over a public thoroughfare,
 
 *309
 
 and the traffic was not diverted from that particular location, hut, ón the contrary, streets cars, the ordinary vehicular traffic, and pedestrians, were permitted to pass under the trestle at all hours during the construction of the work.
 

 We are of the opinion, therefore, that the trial court did not err in submitting this question to the jury under proper instructions, and that the Court of Appeals erred in reversing the judgment upon that ground. The judgment of the Court of Appeals will therefore be reversed, but, inasmuch as the judgment was rendered jointly against both defendants, the cause will be remanded to the court of common pleas for further proceedings.
 

 Judgment reversed and cause
 
 remanded.
 

 Day, Allen and Kinkade, JJ., concur.