## VISCONSI et v STAUFERT

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12536. Decided March 27, 1933

McKeehan, Merrick, Arter and Stewart, Cleveland, for plaintiffs in error.

Harry F. Payer, Cleveland, for defendant in error.

McGILL, J.

Before argument, at the request of plaintiff's counsel, the court gave the following instruction:

"The court charges you as a matter of law that where danger to others is likely to attend the doing of a certain work unless care is observed, the person for whom work is being done is under a duty to see to it that it is done with reasonable care; and cannot by the employment of an independent contractor relieve himself of liability and injury resulting to others from the negligence of the contractor or of his servant."

In a general charge the court charged, in substance, that the doctrine of inherent danger was an exception to the rule governing the relationship to an independent contractor, and submitted to the jury for consideration the question whether or not the work was inherently dangerous.

The general rule is too well settled to need discussion to the effect that an employer is not liable for the negligence of an independent contractor. It is said in Shearman and Redfield on Negligence, Sixth Edition, Volume I, at page 397:

"The one indispensable element to his

character as an independent contractor is that he must have contracted to do a specified work and have the right to control the mode and manner of doing it."

In the instant case the court followed the law set forth in **Covington and Cincinnati Bridge Company v Steinbock et, 61 Oh St 215** (1899), in which case it was held that where danger to others is likely to attend the building of certain work, the owner by the employment of an independent contractor cannot relieve himself from liability for injuries resulting from the negligence of the contractor. In that case, however, there was a five story brick wall which had been left standing in a ruined condition as a result of a fire. The work was intrinsically dangerous and likely to injure others.

In the case of **Warden v Pennsylvania Railroad Company, 123 Oh St 304** (1931) the second syllabus reads as follows:

"Whether danger to the public is likely to attend the doing of the work is a question of fact to be submitted to the jury under proper instructions."

In the Warden case the facts show that a trestle had been erected by the Culbertson Company, an independent contractor, over a busy street in the City of Cleveland, and that a plank extended a distance of approximately four feet toward the portion of the street left open for travel, this obstruction being about three or four feet above the pavement. Under the circumstances in that case with traffic passing on a busy street the question of inherent danger was properly submitted to the jury as a question of fact.

Again, in the case of **Bales v Board of County Commissioners of Cuyahoga County, 30 Oh Ap, 249,** (1928) there was a situation where the County Commissioners in the construction or repair of a road had permitted large piles of crushed stone and sand to be upon the highway in violation of a statute. It is said by Sullivan, J, at page 258:

"Furthermore, it is a sound rule of law that where the work done is inherently dangerous, as it is alleged in this case it was, the owner can not relieve himself from liability by committing the work to an independent contractor."

In that case it will be seen that the large pile of crushed stone and sand on a public highway was likely to cause injury to the public, and the facts are readily distinguishable from a situation where the owners of a lot are erecting or causing to be erected a dwelling or an apartment.

There is nothing inherently dangerous about the construction of a dwelling or apartment house on a lot. Were it not for the fact that the court in this case applied the doctrine of inherent danger to the situation in granting the special request before argument and in its general charge, this court would not disturb the verdict. The injection, however, of the doctrine of inherent danger was prejudicial for the reason that it took away, at least to some extent, the defense of independent contractor. Whether or not the defendants exercised supervision and control over the method and manner of doing the work as contended for by the plaintiff below, and whether or not the defendants dug or caused to be dug the trench, it is unnecessary to decide. It is clear to this court that the doctrine of inherent danger is not applicable and did not properly belong in the trial of this case.

Accordingly the judgment of the court below is reversed and this cause is remanded for further proceedings according to law.

LIEGHLEY, PJ, concurs.

LEVINE, J, dissents for the reason that he is of the opinion that substantial justice was done.