## BOAZ, a Minor, etc., Plaintiff-Appellee, v. OSTRANDER, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24231.   Decided February 14, 1958.

M. Alfred Roemisch, for plaintiff-appellee.
Merkel, Campbell, Dill & Zetzer, for defendant-appellant.

## OPINION

Per CURIAM:

In this action of tort for personal injuries here appealed on questions of law, the jury returned a verdict in favor of the plaintiff, a minor child aged three years, in the sum of $10,000, upon which judgment was rendered.

The injuries arose from an accident which occurred on March 26, 1954, on the public sidewalk in front of premises known as 319 East 323rd Street in the Village of Willowick. The defendant Ostrander was at that time making an excavation for a residence to be built on the premises, the evidence showing that he was the excavating contractor under a general contractor. The evidence shows that the child was injured when a large mass of dirt or clay became dislodged from a truck which was operated by the driver, Archie Lee Woodie, Jr., who was removing dirt and clay from the premises over the sidewalk upon which planks had been placed. The rear wheels of the truck became mired and imbedded in the ground adjacent to the sidewalk and the driver, while working the truck back and forth over the sidewalk in order to free the rear wheels, caused a part of the load to shift and fall with resulting injuries to the child. These facts are not seriously challenged.

Originally there were two defendants, Archie Lee Woodie, Sr., and the defendant Ostrander. At the close of all the evidence, the defendant, Archie Lee Woodie, Sr., moved for a directed verdict on the ground that he was not responsible for the conduct of the driver because the driver of the truck (Archie Lee Woodie, Jr.,) was then under the direction and instruction of the defendant Ostrander. The court granted this motion on the ground that the "loaned servant doctrine" applied. Concerning this proposition, the defendant Ostrander testified that he rented the truck from Archie Lee Woodie, Sr., with the driver supplied, at a stipulated sum per hour and that he, Ostrander, or his employee, Millhouse, directed and supervised the work of the driver and that Archie Lee Woodie, Sr., was not present during operations there being conducted. This testimony is corroborated by other evidence in the record.

The salient facts with respect to the injuries are that after the truck was loaded at the site of the excavation, Archie Lee Woodie, Jr., was about to mount the truck into his cab when he noticed the minor child standing two or three feet from the truck. He walked the child away from the truck and then got into his truck and moved it to a position where the front wheels were over the sidewalk when the rear wheels became mired, and while rocking the truck, the child was injured by the fall of the dirt and clay upon him.

The record shows that Ostrander saw the child for the first time about five minutes before the truck came back to the premises to be loaded. At that time he moved the child to a stone stoop or porch of the house at 323 East 323rd Street, which was not his home. Thereafter, Ostrander paid no further attention to the child but walked to the north side of the excavation and was engaged in conversation with a neighbor when the accident happened.

The appellant sets forth the following assignments of error:

"1. The court erred in overruling defendant-appellant's separate motions to strike specifications 1, 3, 4 and 5 from the Second Amended Petition and in submitting these issues to the jury.

"2. The court erred in submitting extraneous issues to the jury and in giving instructions thereon.

"3. The court erred in his general charge to the jury by misstating the law as to negligence and proximate cause.

"4. The special verdict prepared by the court and submitted by him to the jury does not meet statutory requirements.

"5. The court failed to comply with defendant-appellant's timely request for special findings.

"6. The court failed to differentiate between a special verdict and special findings and to properly instruct the jury as to each.

"7. The judgment is not in conformity with the special verdict.

"8. The special verdict is inconsistent and contains conflicting findings.

"9. Other errors apparent on the face of the record, to the manifest prejudice of defendant-appellant."

At the conclusion of the testimony, at the specific request of the defendant, the court submitted to the jury a special verdict in conformity with the provisions of §2315.15 R. C., as amended October 4, 1955. A total of forty-one questions were propounded and each of such questions were answered by the jury. Inasmuch as the petition in this cause had been filed May 26, 1954, the court committed error in complying with defendant's request because the Revised Code Section, as amended, was not applicable to cases pending prior to its effective date. **Woodward v. Eberly, 167 Oh St 177.** While this was error, the appellant cannot now on this appeal take advantage of an error which he himself induced. See **3 O. Jur. 2d, Sec. 693, page 641,** and authoritative cases cited in support of the text. Thus the assignments of error four, five and six, which relate to special verdicts and special findings, cannot be sustained.

As to plaintiff's first specification of negligence to the effect that defendant overloaded the dump truck, the jury found in favor of the defendant when it answered question number six of the special findings in the negative, and of this he cannot complain.

In relation to the plaintiff's second specification of negligence to the effect that the defendant aided the driver of the dump truck by placing planks under its rear wheels, the jury also found in favor of the defendant by its negative answer to question number eight of the special findings and of this he cannot complain.

As to the plaintiff's third specification of negligence, the jury found, according to its answer to special findings numbers fifteen and sixteen, that defendant failed to keep a lookout for other users of the sidewalk and more particularly for this minor plaintiff, and in so doing, that defendant's negligence was a proximate cause of the injuries to plaintiff.

The plaintiff's fourth specification of negligence that the defendant failed to warn or signal the minor plaintiff that the load would shift by virtue of his operation of the truck and would fall upon the minor plaintiff was settled in favor of the defendant as shown by the jury's special findings numbers seventeen and eighteen.

As to specification of negligence number five, that the defendant failed to take the necessary precautions to prevent said load from shifting and from falling upon other users of the sidewalk and more particularly

the minor plaintiff, the jury found for the plaintiff as shown by the special findings numbers nineteen and twenty.

The appellant complains that the special verdict is inconsistent and contains conflicting findings and this contention relates to the answers to questions numbers twenty-three and twenty-four. The first part of the answer to question number twenty-four is not inconsistent with the verdict and is inconsistent only in part with the answer to question number six, supra, wherein it is stated in answer to said question "failure to prevent truck overloading." Of course, if the truck was not overloaded, defendant could not be guilty of failing to prevent its overloading but the second part of the answer, namely, "failure to look out for plaintiff after being aware of his presence" is consistent with other findings above specified in which the defendant is held responsible for plaintiff's injuries. It is our view that the first part of the answer to question number twenty-four is balanced by the answer of the jury favorable to the defendant in its special finding number six in that he did not allow the truck to be overloaded. Therefore, this does not constitute error prejudicial to the defendant.

Considering the entire record and all the circumstances, the defendant cannot avoid liability for the negligence of the loaned servant who was under his direction and control. He is also subject to liability for his own negligence in failing to keep a lookout for plaintiff when he knew the child was on the premises. The plaintiff, being only three years of age, was in danger of injury from the operations of defendant. This is especially true where defendant's operation required the use of the public sidewalk where defendant knew the public was likely to pass. At least these were jury questions. The law is well settled that where the danger to the public is likely to attend the doing of work at a place where the public will lawfully pass, a question of fact is presented which should be submitted to the jury under all proper instruction. See **Warden v. Pennsylvania Rd. Co., 123 Oh St 304, 175 N. E. 207.**

In relation to the duty to exercise care toward minor children, see **Ziehm v. Vale, 98 Oh St 306, 120 N. E. 702,** where the court held:

"Where the owner of an automobile, upon returning to his car, finds an infant four and one-half years of age thereon, and twice drives the infant from the car, the owner is not thereby absolved from further duty towards such infant. Under such circumstances, when the child still remains in close proximity to the car, the driver is required to exercise reasonable care to avoid injury to the child."

Here the record clearly shows that both the defendant and his loaned servant were aware of the presence of the child and were required to exercise reasonable care to avoid injury to him.

This case is not without certain complexities which were brought on by the insistence of the defendant for a special verdict under the code as amended October 4, 1955. As we have stated, the defendant cannot complain because he induced the error of having the court submit such a special verdict. The cases cited by defendant in his brief on this point are cases having application only to the statute prior to the amendment of October 1955.

Upon review of the whole case, we certify that the allegations of plaintiff's petition are sufficient to charge defendant with the negligent acts of his agents and employees, including the negligent acts of the driver of the dump truck as the loaned servant of defendant. We find no error in the charge of the court to the jury and no other errors prejudicial to the rights of defendant. Further we certify that substantial justice has been done the party complaining under the provisions of §2309.59 R. C.

For the foregoing reasons, the judgment is affirmed.

Exceptions noted.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.