Bell, J.
The only question raised in this appeal that we consider neóessary to decide is whether on the evidence presented the defendant is entitled to a directed verdict.
There is no doubt that if the defendant had employed the contractor upon construction in a place where the public might lawfully pass, which work required precautions to be taken to safeguard the public against danger, the defendant owed a duty to see that reasonable precautions were taken and is liable jointly with the contractor for the failure of the latter to exercise due care. Warden v. Pennsylvania Rd. Co., 123 Ohio St., 304, 175 N. E., 207; Richman Brothers Co. v. Miller, 131 Ohio St., 424, 3 N. E. (2d), 360.
But before such liability can be imposed on the defendant, the defendant must have been a principal in the contract for the construction.
The record reveals no evidence thqt the defendant’s terminal manager, who made application for and procured a sidewalk permit from the city, was authorized to secure such permit in the name of defendant. (It is interesting to note that on the date the permit was issued the work was actually in progress under the contract of the contractor with TM&E.) The evidence clearly reveals that TM&E was the owner of the property, and that TM&E, and TM&E alone, entered into the contract. That the parties to the lease, i. e., TM&E and the defendant, did not consider it the obligation of the latter to make the repairs being made here is evident from the very fact that TM&E, and not the defendant, made the contract with Uerl.
In our opinion, the controlling law on the question is aptly summed up by Judge Skeel in his dissenting opinion, where he said, in part:
“The defendant,, not being a party to the contract, and being without power to direct or control either the conduct of its lessor or the lessor’s independent contractor, the theory of law that where public danger is created by the acts of an independent contractor [liability] may be visited on the one who procured the work to be done, cannot be asserted against one who is only a lessee of the owner and a stranger to the contract. ’ ’
The judgment of the Court of Appeals is reversed, and *181 the cause is remanded to the Court of Common Pleas with instructions to enter final judgment for the defendant.

Judgment reversed.

Weyqandt, C. J., Zimmerman, Taet, Matthias and Herbert, JJ., concur.
Peck, J., not participating.