Zimmerman, J.
 

 Briefly stated, the question for decision is whether The Globe Indemnity Company, hav
 
 *598
 
 ing- settled damage claims for which its insured, The John Shillito Company, was deemed liable, may properly maintain an action for indemnity against Alois Schmitt.
 

 It is a well established rule “that a person.who occupies premises, and maintains or controls, for his own convenience, an opening in the adjacent sidewalk, through which he contracts for the delivery of goods, is liable for injuries received by a pedestrian as a result of the negligence of the deliveryman in not properly guarding or in failing to properly close the aperture.” 11 A. L. R., 571, annotation; 53 A. L. R., 932, annotation. See
 
 Covington & Cincinnati Bridge Co.
 
 v.
 
 Steinbrook & Patrick,
 
 61 Ohio St., 215, 55 N. E., 618, 76 Am. St. Rep., 375;
 
 Richman Bros. Co.
 
 v.
 
 Miller,
 
 131 Ohio St., 424, 3 N. E. (2d), 360;
 
 Herron
 
 v.
 
 City of Youngstown,
 
 136 Ohio St., 190, 193, 24 N. E. (2d), 708.
 

 Such liability rests on the" theory that the occupier of the premises having created the potentially dangerous opening or having allowed it to exist has the nondelegable duty to see that it is kept and used at all times so as not to cause harm to. passers-by.
 
 Hawver
 
 v.
 
 Whalen,
 
 49 Ohio St., 69, 81, 29 N. E., 1049, 1052, 14 L. R. A., 828, 836.
 

 Of course, the deliverer of goods or one in a similar position is likewise obliged to exercise ordinary care in the performance of his work, and if while using an opening leaves it unguarded or unprotected so that-another is hurt by falling into it, he, too, might be answerable for his negligence to the injured person. 70 A. L. R., 1381, annotation.
 

 Because of a breach of duty on the part of both the occupier of the premises and the deliveryman, the one injured may assert a claim for damages against either. But if the claim is asserted against the occupier of the premises when he is free from active fault and he pays it, may he successfully seek recoupment from the de
 
 *599
 
 liveryman who is actually to blame for the particular mishap?
 

 Counsel for the appellee, Schmitt, avers in his brief, “We contend the John Shillito Company was at best a joint tort-feasor” with Schmitt, under the rule that “where two or more owe to another a common duty and by common neglect of that duty such other [person] is injured, then there is a joint tort with joint and several liability,” and cites
 
 City of Mansfield
 
 v.
 
 Bristor,
 
 76 Ohio St., 270, 282, 81 N. E., 631, 634, 118 Am. St. Rep., 852, 10 L. R. A. (N. S.), 806, quoting from Cooley on Torts (1 Cooley on Torts [4 Ed.], 277, Section 86), and
 
 Warden
 
 v.
 
 Pennsylvania Rd. Co.,
 
 123 Ohio St., 304, 175 N. E., 207.
 

 In Ohio the rule has been announced that as between joint tort-feasors chargeable with concurrent negligence there may be no indemnity or contribution.
 
 Royal Indemnity Co.
 
 v.
 
 Becker,
 
 122 Ohio St., 582, 173 N. E., 194, 75 A. L. R., 1481;
 
 Massachusetts Bonding & Ins. Co.
 
 v.
 
 Dingle-Clark Co., ante,
 
 346, 52 N. E. (2d), 340, fourth paragraph of-the syllabus. Compare,
 
 U. S. Casualty Co.
 
 v.
 
 Indemnity Ins. Co. of North America,
 
 129 Ohio St., 391, 397, 195 N. E., 850, 853; 18 Corpus Juris Secundum, 17, Section 11 (3); 45 Harvard Law Review, 349, 353; 12 Harvard Law Review, 176.
 

 Investigation shows, however, that the joint tortfeasors referred to in the
 
 Becker case
 
 were both chargeable with actual negligence. It appears that one Gordon secured the general contract for a construction job at the U. S. Post Office in Cincinnati. He subcontracted the electrical installation work to John A. Becker and F. William Becker. Gordon directed the foreman of the Beckers to do certain electrical work in the money order division. A Becker employee mounted a ladder, with the foreman nearby, and while pressing a metal conduit against a joist which had been put
 
 *600
 
 in position by Gordon, the joist gave, the ladder slipped and tbe employee lost Ms balance and fell, resulting in injury to a man named Weber, who was at a nearby desk writing an application for a money order.
 

 Weber sued the Beckers and Gordon, alleging that Ms injury was due to their concurrent negligence. The Beckers' were alleged to have been negligent in that their foreman failed to hold the ladder, knowing that it was resting on a smooth tile floor, without support, and that the employee standing thereon was exerting pressure in placing the conduit. Gordon was alleged to have been negligent in that he had fastened the joist insecurely, which caused it to give when the pressure was exerted against it. Weber secured a verdict and judgment against the Beckers and Gordon, which was paid by Gordon’s indemnitor, the Royal Indemnity Company.
 

 Judge Matthias, writing the opinion in the
 
 Becker case,
 
 quotes with approval the following language from the opinion in
 
 Union Stock Yards Co.
 
 v.
 
 Chicago, B. & Q. Rd. Co.,
 
 196 U. S., 217, 49 L. Ed., 453, 25 S. Ct., 226, 2 Ann. Cas., 525:
 

 “The railroad company and the terminal company have been guilty of a like neglect of duty in failing to properly inspect fhe car before putting it in use by those who might be injured thereby. We do not perceive that, because the duty of inspection was first required from the railroad company, the case is thereby brought within the class which holds the one primarily responsible, as the real cause of the injury, liable to another less culpable, who may have been held to respond for damages for the injury inflicted. * * * In all these cases the wrongful act of the one held finally liable created the unsafe or dangerous condition from which the injury resulted.”
 

 Continuing this line of approach, the author of the
 
 *601
 
 note in 40 L. R. A. (N. S.), at page 1148, writes as follows:
 

 “However, this Universal accepted rule against recourse, whether by way of contribution or of indemnity, between joint wrongdoers, is considerably circumscribed in its operation, with the result that, in the circumstances suggested by the title of this note [Right of one constructively liable for a tort, to contribution or indemnity from one actually responsible for its commission] it is almost universally agreed that the ultimate liability for a tort may be visted upon an actual wrongdoer for whose delinquency the plaintiff has been held legally liable, where the latter was guilty of no actual wrong.
 

 “The ground of the action is that the defendant has, by his own unauthorized act, exposed the plaintiff to a liability, and it is immaterial whether such liability is imposed by force of a statute or by the rule of the common law, for in either case the plaintiff is held liable by inference of law, and not by reason of his active participation in the act which was the occasion of the injury.” '
 

 Two cases illustrative of the principle and factually in point are
 
 Churchill
 
 v.
 
 Holt,
 
 127 Mass., 165, 34 Am. Rep., 355, and
 
 Scott
 
 v.
 
 Curtis,
 
 195 N. Y., 424, 88 N. E., 794, 40 L. R. A. (N. S.), 1147, 133 Am. St. Rep., 811.
 

 The syllabus to the first cited case reads:
 

 “If the occupant of a building, connected with which is a hatchway in the sidewalk leading into the basement, is compelled, by reason of his relation to the building, to pay damages recovered in an action of tort by .a person who sustains an injury by falling into the hatchway, which had been left open and unguarded by the negligent act of a third person, he may maintain an action against such third person for indemnity; and the judgment in the action by the person injured is not conclusive against the right to recover.”
 

 
 *602
 
 In the second case cited the court says, in its opinion:
 

 ‘1 The liability of the owner of real property for injury to a passer-by for negligence in covering, or in failing to cover or guard such a hole in a sidewalk does not relieve the active or actual wrongdoers from the consequences of their acts. The liability to the passerby is joint. As between themselves the active wrongdoer stands in the relation of an indemnitor to the person who has been held legally liable therefor.”
 

 Therefore, “the rule that one of two joint tort-feasors cannot maintain an action against the other for indemnity or contribution, does not apply to a case where one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability; in such case, the parties are not
 
 in pari delicto
 
 as to each other, though as to third persons either may be held liable. ”
 
 Churchill
 
 v.
 
 Holt, supra.
 

 For applications and other statements of the principle, see
 
 Derry Electric Co.
 
 v.
 
 New England Telephone & Telegraph Co.
 
 (C.C.A. 1), 31 Fed. (2d), 51;
 
 Otis Elevator Co.
 
 v.
 
 Maryland Casualty Co.,
 
 95 Colo., 99, 33 P. (2d), 974;
 
 Hollywood Barbecue Co., Inc.,
 
 v.
 
 Morse,
 
 314 Mass., 368, 50 N. E. (2d), 55;
 
 Fidelity & Casualty Co. of New York
 
 v.
 
 Northwestern Telephone Exchange Co.,
 
 140 Minn., 229, 167 N. W., 800;
 
 Schwartz
 
 v.
 
 Merola Bros. Construction Corp.,
 
 290 N. Y., 145, 48 N. E. (2d), 299;
 
 Phoenix Bridge Co.
 
 v.
 
 Creem,
 
 102 App. Div., 354, 92 N. Y. Supp., 855, affirmed, 185 N. Y., 580, 78 N. E., 1110;
 
 Northern Ohio Ry. Co.
 
 v.
 
 Akron Canal & Hydraulic Co.,
 
 7 C. C. (N. S.), 69, 18 C. D., 51, affirmed, 75 Ohio St., 620, 80 N. E., 1130;
 
 Orth
 
 v.
 
 Consumers Gas Co.,
 
 280 Pa., 118, 124 A., 296;
 
 Wise Shoes, Inc.,
 
 v.
 
 Blatt, 107
 
 Pa. Sup., 473, 164 A., 89;
 
 Miller
 
 v.
 
 New York Oil Co.,
 
 34 Wyo., 272, 243 P., 118; 70 A. L. R., 1386, annotation; 21 Ohio Jurisprudence, 608, Section 9; 27 American Jurisprudence, 467, Section 18; 1 Cooley on Torts (4 Ed.), 292, Section 89; Restatement of Restitution, 418, Section 96.
 

 
 *603
 
 While, then, the occupier of premises, who maintains a covered aperture in the sidewalk adjacent to his property, and another, who removes the cover and thereafter leaves the opening unprotected and unguarded, are equally liable to a pedestrian, who without fault steps into the opening and is injured, yet, as between the two first designated, the former is entitled to rely on the latter to act in a careful and prudént manner, and in the event the former pays damages to the injured person has the right to indemnity.
 

 So far as concerns the instant case, the iron grill in place presented no hazard to a passing pedestrian. Upon the evidence before- us its removal by Schmitt and his subsequent neglect to guard the dangerous condition thereby created, were the factors responsible for the injury to Mrs. Sullivan.
 

 In reality, a case of the type under discussion presents a situation of primary and secondary liability, and is analogous to one where a city has been held responsible for an unsafe condition of its streets or sidewalks and has been permitted to recover from the person whose conduct caused the unsafe condition.
 
 Gray
 
 v.
 
 Boston Gas Light Co.,
 
 114 Mass., 149, 19 Am. Rep., 324. And see
 
 Morris
 
 v.
 
 Woodburn,
 
 57 Ohio St., 330, 48 N. E., 1097;
 
 Bello
 
 v.
 
 City of Cleveland,
 
 106 Ohio St., 94, 138 N. E., 526;
 
 Herron
 
 v.
 
 City of Youngstown, supra.
 
 Compare
 
 Losito
 
 v.
 
 Kruse, Jr.,
 
 136 Ohio St., 183, 24 N. E. (2d), 705, 126 A. L. R., 1194.
 

 We are of the opinion that The Globe Indemnity Company, as subrogee, may maintain an action for indemnity against Schmitt.
 

 The instant case is distinguishable on its facts from the cases of
 
 Massachusetts Bonding & Ins. Co.
 
 v.
 
 Dingle-Clark Co., ante,
 
 346, and
 
 Continental Casualty Co.
 
 v.
 
 Ohio Edison Co.
 
 (C.C.A. 6), 126 F. (2d), 423, wherein the right to indemnity was denied. In the former case there was active negligence on the part of the corpora
 
 *604
 
 tion through which indemnity was claimed, and in the latter the corporation through which indemnity was claimed had actual knowledge that a perilous condition existed on its premises and did nothing at all to correct it.
 

 As a concluding observation it may be appropriate to remark that the right to indemnity against an actual wrongdoer exists whether the one proceeded against in the first instance settles the loss voluntarily or has a judgment recovered against him. In other words, the fact of voluntary payment does not negative the right to indemnity. However, the one seeking indemnity, after making voluntary settlement, must prove that he has given proper and timely notice to the one from whom it is sought, that he was legally liable to respond and that the settlement effected was fair and reasonable.
 
 Tugboat Indian Co.
 
 v.
 
 A/S Ivarans Rederi,
 
 334 Pa., 15, 5 A. (2d), 153.
 

 The judgment of the Court of Appeals is reversed and the cause remanded to the Court of Common Pleas for further proceedings.
 

 Judgment reversed.
 

 Matthias, Hart, Williams and Turner, JJ., concur.
 

 Weygandt, C. J., dissents.
 

 Bell, J., not participating.