[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13361

_____

D. C. Docket No. 03-00878-CV-S-N

NATIONAL UNION FIRE INSURANCE COMPANY,

Plaintiff-Appellee,

versus

BILL G. CAVINS,

Defendant-Appellant,

VIRGINIA CAVINS,
PROGRESSIVE SYSTEMS, INC.,

Defendants,

COLORADO CASUALTY INSURANCE COMPANY,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(March 19, 2007)**

Before CARNES, PRYOR and FARRIS,[*] Circuit Judges.

PER CURIAM:

The main issue in this appeal is whether, under Ohio law, a party who seeks indemnification under an express contract and fails to satisfy the three requirements of Globe Indemnity Co. v. Schmitt, 53 N.E.2d 790, 794 (Ohio 1944), may recover attorney's fees incurred in litigation that settled. National Union Fire Insurance Company sought from Bill Cavins, Virginia Cavins, and Progressive Systems contractual indemnification for money paid in a settlement and attorney's fees incurred in the underlying litigation. The magistrate judge ruled that, because National Union failed to satisfy the requirements of Globe Indemnity, National Union could not recover the moneys paid in settlement but the magistrate judge awarded National Union indemnification for the attorney's fees based on an unpublished decision of an Ohio court of appeals. We conclude, based on an opinion of the Supreme Court of Ohio that neither party cited to either this Court or the magistrate judge, that National Union was not entitled to indemnification for the attorney's fees. We reverse the award against Bill Cavins, who was the only judgment debtor to appeal that award.

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

# I. BACKGROUND

In 1988, Bill Cavins entered a Distributor Agreement with The Kirby Company. The agreement included the following indemnification provision:

> Distributor shall indemnify the Company, its employees, agents and servants and hold the Company and its said employees, agents and servants harmless from any and all liability, damage, or expense incurred by it in connection with any claim, demand or suit based on Distributor's acts or omissions, including alleged negligence; provided, however, that the Company shall (1) give Distributor prompt written notice of any such claim, demand or suit, and (2) provide the Distributor with every reasonable assistance which the Distributor may request in resisting such claim, demand or suit. The foregoing indemnification shall not apply if the Company is found guilty of any negligence, misconduct or wrongdoing in connection with any such claim, demand or suit.

The agreement also specified that it "shall be construed under and governed by the law of the State of Ohio." In 1996, Bill Cavins assigned the agreement to Progressive, a corporation owned by Bill Cavins and his wife, Virginia Cavins. The Cavinses and Progressive sold vacuum products manufactured by The Kirby Company.

Between 1998 and 2001, nearly 100 lawsuits were filed in Alabama state courts against the Cavinses, Progressive, and The Kirby Company. National Union defended The Kirby Company in these lawsuits. Eventually, the lawsuits settled based on an agreement in which the Cavinses and Progressive paid more than $1 million through their insurer Colorado Casualty Insurance Company. The Kirby

3

Company paid $830,550 through National Union.

The Kirby Company assigned its rights to indemnity under the agreement to National Union, which filed a complaint in federal district court based on diversity jurisdiction against the Cavinses and Progressive. National Union sought indemnification of the $830,550 paid in settlement and $748,462.75 of attorney's fees. The parties consented to the jurisdiction of a magistrate judge.

National Union moved for summary judgment, and the magistrate judge denied the motion. The magistrate judge reasoned that, under Ohio law, a party who seeks indemnification for money paid in settlement must meet the three requirements established by the Supreme Court of Ohio in Globe Indemnity, 53 N.E.2d at 794. The magistrate judge concluded that National Union failed to meet the requirements.

National Union then moved to alter or amend the order of the magistrate judge. National Union argued that, "even if the court correctly applied Globe [Indemnity] to the . . . funds paid in settlement, under the Ohio [court of appeals] opinion of Ozko, Inc. v. Isaacson Construction, Inc., [No. 17078, 1995 WL 678548 (Ohio Ct. App. Nov. 15, 1995),] National Union is entitled to recover attorney's fee[s]." National Union argued that, under Ozko, the requirements of Globe Indemnity do not apply to indemnification for attorney's fees incurred in litigation

4

that settled. The magistrate judge denied the motion, but then certified the question to the Supreme Court of Ohio. The Supreme Court of Ohio declined to answer the certified question.

The magistrate judge relied on Ozko and awarded National Union indemnification for the attorney's fees incurred. On May 25, 2006, the magistrate judge entered a judgment against the Cavinses and Progressive and awarded National Union $748,462.75. Bill Cavins and Colorado Casualty then filed a notice of appeal.

## II. STANDARD OF REVIEW

We review de novo both a grant of summary judgment, Stephens v. Tolbert, 471 F.3d 1173, 1175 (11th Cir. 2006), and the determination of state law, Price v. Time, Inc., 416 F.3d 1327, 1334 (11th Cir. 2005).

## III. DISCUSSION

To decide this appeal, we must resolve two matters: first, whether we have jurisdiction over all the purported appellants named in the initial brief; and second, whether National Union is entitled to indemnification from any appellant for the attorney's fees incurred in the state court litigation that settled. We address each issue in turn.

5

*A. We Have Jurisdiction Over the Appeal of Only Bill Cavins.*

In the initial brief, Bill Cavins, Virginia Cavins, and Colorado Casualty purport to be appellants, but the notice of appeal named only Bill Cavins and Colorado Casualty. It is "abundantly clear that a timely and properly filed notice of appeal is a mandatory prerequisite to appellate jurisdiction." Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006). We asked the parties for simultaneous letter briefs addressing whether Virginia Cavins, who was not named in the notice of appeal, and Colorado Casualty, which was not a defendant before the magistrate judge, are properly appellants.

The parties agree that Colorado Casualty is not a party, but disagree about Virginia Cavins. National Union contends that neither Virginia Cavins nor Colorado Casualty are properly appellants. The Cavinses concede that Colorado Casualty is not properly an appellant, but they assert that Virginia Cavins was "inadvertently left off of the Notice of Appeal" and should be considered a proper appellant. In their supplemental letter brief, the Cavinses contend without explanation or citation to supporting authority that "[t]he proper appellants are Bill G. Cavins, Virginia Cavins[,] and Progressive Systems, Inc."

Because neither Virginia Cavins nor Progressive were named in the notice of appeal, we must determine whether an "intent [by them] to appeal is 'objectively

6

clear' from all of the circumstances." Id. Although Federal Rule of Appellate

Procedure 3(c)(1)(A) requires that the notice of appeal "specify the party or parties

taking the appeal by naming each one," Rule 3 was amended in 1993 to instruct

that "[a]n appeal . . . not be dismissed . . . for failure to name a party whose intent

to appeal is otherwise clear from the notice," Fed. R. App. P. 3(c)(4). The

Advisory Committee explained that "[t]he test established by the [amended] rule

 . . . is whether it is objectively clear that a party intended to appeal." Fed. R. App.

P. 3 advisory committee's note.

Nothing in the notice of appeal makes it "objectively clear" that Virginia

Cavins and Progressive intended to appeal. Although the caption of the notice of

appeal reads "Bill G. Cavins, et al.," the notice states twice in the body of the filing

that the appellants are Bill Cavins and Colorado Casualty. The notice may be

ambiguous as to the intent of Virginia Cavins and Progressive to appeal, but it is

far from objectively clear. The assertion that Virginia Cavins was "inadvertently

left off" of the notice of appeal is not relevant to what the notice objectively

conveys. Virginia Cavins and Progressive also "did not file any [other] document

or series of documents that indicated [they] sought to appeal." Holloman, 443 F.3d

at 844. Neither the initial brief filed in this appeal, which purports to be on behalf

of Virginia Cavins, nor the supplemental letter brief, which asserts that Virginia

7

Cavins and Progressive are proper appellants, "serve[s] as effective notice of [an] intent to appeal [by Virginia Cavins and Progressive], because [those documents were] not filed until after the deadline for filing [a] notice of appeal." Id. at 844-45.

We have jurisdiction over the appeal of only Bill Cavins. The parties concede that the appeal of Colorado Casualty must be dismissed for lack of jurisdiction. See Wolff v. Cash 4 Titles, 351 F.3d 1348, 1354 (11th Cir. 2003) ("Generally, one not a party lacks standing to appeal an order in that action." (internal quotation marks omitted)). Because Virginia Cavins and Progressive never filed a notice of appeal, they have no appeal to dismiss.

*B. National Union Was Not Entitled to Indemnification from Bill Cavins for the Attorney's Fees Incurred in the State Court Litigation That Settled.*

Bill Cavins contends that the magistrate judge erred when he relied on the unpublished decision of an Ohio court of appeals in Ozko and awarded National Union the attorney's fees incurred in the state court litigation that settled. Cavins asserts that the magistrate judge should have followed a different unpublished decision of an Ohio court of appeals, Blair v. Mann, No. 98CA35, 1999 WL 228265 (Ohio Ct. App. Apr. 8, 1999). Cavins argues that, under Blair, the requirements of Globe Indemnity barred National Union from recovering the attorney's fees incurred. We agree with the result advocated by Cavins, but do not

8

rely upon the case law he cites.

As a preliminary matter, neither Blair nor Ozko are controlling authority in this circumstance. Until several years ago, an unpublished decision of an Ohio court of appeals was controlling authority only as to the parties to the decision and persuasive authority only in the district in which the decision was rendered. Ohio Sup. Ct. R. for Reporting of Ops. 4 commentary. Effective May 1, 2002, "designations of, and distinctions between, 'controlling' and 'persuasive' opinions of the courts of appeals based merely upon whether they have been published in the Ohio Official Reports [we]re abolished." Ohio Sup. Ct. R. for Reporting of Ops. 4. Both Blair and Ozko were decided before the amendment of the rule.

Our goal in "deciding a state law issue is to resolve it the same way the state's highest court would." Price, 416 F.3d at 1334. "Where the state's highest court has not spoken to an issue, a federal court 'must adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'" Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1290 (11th Cir. 2001) (quoting Ins. Co. of N. Am. v. Lexow, 937 F.2d 569, 571 (11th Cir. 1991)). We are "bound by this rule whether or not [we] agree[] with the reasoning on which the state court's decision is based or the outcome which the decision dictates." Silverberg v. Paine, Webber,

9

Jackson & Curtis, Inc., 710 F.2d 678, 690 (11th Cir. 1983).

In Globe Indemnity, the plaintiff sought indemnification in common law tort for money paid in settlement. The Supreme Court of Ohio held that "the one seeking indemnity, after making voluntary settlement, must prove that he has given proper and timely notice to the one from whom it is sought, that he was legally liable to respond and that the settlement effected was fair and reasonable." Globe Indemnity, 53 N.E.2d at 794. National Union concedes that it cannot satisfy two of the three requirements of Globe Indemnity.

The circumstances here differ from those of Globe Indemnity in two important respects. First, National Union sought indemnification under an express contract, not implied indemnity arising from a common law tort. Second, National Union was awarded indemnification for the attorney's fees incurred in litigation that settled, not the money paid in settlement. We must then consider whether the requirements of Globe Indemnity apply to an action for indemnification brought under a contract and whether the requirements apply to indemnification for attorney's fees incurred in litigation that settled. The magistrate judge commendably sought guidance by certifying a question to the Supreme Court of Ohio, but that certification was unfortunately not accepted.

A decision of the Supreme Court of Ohio, which the parties failed to cite to

10

this Court or the magistrate judge, squarely resolves the question whether the requirements of Globe Indemnity apply to indemnification for attorney's fees incurred in tort litigation that settled. In New York Central Railroad Co. v. Linamen, 167 N.E.2d 778 (Ohio 1960), the Supreme Court of Ohio applied the requirements of Globe Indemnity to indemnification for attorney's fees incurred in litigation that settled. The plaintiff in Linamen sought indemnification in common law tort for the "loss suffered . . . in payment of [a] settlement . . . plus expenses and attorney fees," and the supreme court refused to award indemnification for either the moneys paid in settlement or the related fees because the plaintiff had failed to satisfy two of the three requirements of Globe Indemnity. Id. at 779 (emphasis omitted).

The question that remains is whether the requirements of both Globe Indemnity and Linamen apply to an action for indemnification brought under an express contract. Although the Supreme Court of Ohio has not spoken to the issue, the question is answered by an unpublished decision of an Ohio court of appeals that was decided after May 1, 2002, and that decision is controlling authority. In Lubrizol Corp. v. Michael Lichtenberg & Sons Construction, Inc., No. 2004-L-179, 2005 WL 3610468 (Ohio Ct. App. Dec. 29, 2005), the court of appeals applied the requirements of Globe Indemnity to an action for indemnification

11

brought under a contract.

In the light of <u>Linamen</u> and <u>Lubrizol</u>, National Union was not entitled to indemnification for the attorney's fees incurred in the state court litigation that settled. The magistrate judge erred in awarding attorney's fees to National Union. We reverse with respect to Bill Cavins, the only judgment debtor who has appealed.

## IV. CONCLUSION

The appeal of Colorado Casualty is **DISMISSED** for lack of jurisdiction, and the summary judgment against Bill Cavins is **REVERSED**.

FARRIS, Circuit Judge, concurring and dissenting in part:

I am pleased to join my brothers in this matter. Except that in my view we have jurisdiction over Virginia Cavins' appeal. Federal Rule of Appellate Procedure 3(c)(4) states that "failure to name a party whose intent to appeal is otherwise clear from the notice [of appeal]" does not require dismissing the appeal. Bill and Virginia Cavins were in identical positions, represented by the same attorney, and victory on appeal for only one of them would be of significantly less value. These factors indicate that Virginia Cavins' intent to appeal was "otherwise clear."

Rule 3(c)(1)(A) states that "an attorney representing more than one party may describe those parties with such terms as . . . 'the plaintiffs A, B, et al.'" in the notice of appeal's "caption or body." Bill and Virginia Cavins shared an attorney, who captioned the notice "National Union Fire Insurance Company, Plaintiff, v. Bill G. Cavins, et al., Defendants." It might have been more prudent if he had remembered that wise counsel always "dots all i's and crosses all t's." He could have listed the appellants by name. He didn't. For whatever it is worth, a third of the panel does not conclude that his failure to do so was fatal to Virginia Cavins' appeal.