[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Wildcat Drilling, L.L.C. v. Discovery Oil & Gas, L.L.C.*, Slip Opinion No. 2023-Ohio-3398.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3398

WILDCAT DRILLING, L.L.C., APPELLEE, *v.* DISCOVERY OIL AND GAS, L.L.C., APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Wildcat Drilling, L.L.C. v. Discovery Oil & Gas, L.L.C.*, Slip Opinion No. 2023-Ohio-3398.]

*Contracts—Indemnification—When parties have entered into a contract containing an express indemnification provision, common-law notice requirements set forth in* Globe Indemn. Co. v. Schmitt *do not apply and the parties are bound by the terms of their contract—Court of appeals' judgment reversed.*

(No. 2022-0596—Submitted March 1, 2023—Decided September 27, 2023.)

APPEAL from the Court of Appeals for Mahoning County,

No. 21 MA 0070, 2022-Ohio-1125.

_____

FISCHER, J.

{¶ 1} For the second time, we accept a discretionary appeal filed by appellant, Discovery Oil and Gas, L.L.C. ("Discovery"), to determine whether an

express indemnification provision in its contract with appellee, Wildcat Drilling, L.L.C. ("Wildcat"), evinces a clear intent by the parties to abrogate the common-law notice requirements for indemnification set forth in *Globe Indemn. Co. v. Schmitt*, 142 Ohio St. 595, 53 N.E.2d 790 (1944). We hold that when the parties have entered into a contract containing an express indemnification provision, the common-law notice requirements set forth in *Globe Indemn. Co.* do not apply and the parties are bound by the terms of their contract. In so holding, we reject the lead opinion of this court in *Wildcat Drilling, L.L.C. v. Discovery Oil & Gas, L.L.C.*, 164 Ohio St.3d 480, 2020-Ohio-6821, 173 N.E.3d 1156, ¶ 17 ("*Wildcat II*"). We therefore reverse the judgment of the Seventh District Court of Appeals, vacate the trial court's judgment that was issued following this court's decision in *Wildcat II*, and reinstate the trial court's original determination of the indemnification issue that was issued prior to this court's decision in *Wildcat II*.

## I. Background

*A. Discovery demands indemnification from Wildcat for its payment of a $50,000 fine*

{¶ 2} Discovery entered into a contract with Wildcat in which Wildcat agreed to drill an oil and gas well for Discovery. Under the contract, Wildcat was required to indemnify Discovery for its payment of any fine or penalty imposed as a result of pollution or contamination related to the well-drilling operations:

> **17. Responsibility for Loss or Damage.**
>
> * * *
>
> **17.9. Pollution and Contamination** – Notwithstanding anything in this Contract to the contrary, excepting only Paragraph 13, it is understood and agreed by and between [Wildcat] and [Discovery] that the responsibility for pollution and contamination shall be as follows:

2

**17.9.1** <u>[Wildcat's] Liability</u> – [Wildcat] shall assume full responsibility for and shall defend, indemnify, and hold [Discovery] and its joint owners harmless from and against any loss, damage, expense, claim, fine and penalty, demand, or liability for pollution or contamination, including control and removal thereof, that originates on or above the surface of the land or water from spills, leaks, or discharges of motor fuels, lubricants, and oils; pipe dope; paints and solvents; ballast, bilge, sludge, and garbage; and other liquids or solids in possession and control of [Wildcat]. These obligations are assumed without regard to the negligence of any party or parties.

&ast; &ast; &ast;

**17.11.    Indemnity Obligations** – Except as otherwise expressly limited in this Contract, it is the intent of the parties hereto that all indemnity obligations and/or liabilities assumed by such parties under the terms of this Contract be without limit and without regard to the cause or causes thereof (including pre-existing conditions), strict liability, or the negligence of any party or parties, whether such negligence be sole, joint or concurrent, active or passive. The terms and provisions of Paragraphs 17.1 through 17.10, however, shall have no application to the claims or causes of action asserted against [Discovery] or [Wildcat] by a person or entity not a party hereto by reason of any agreement of indemnity with such person or entity.

(Boldface and underlining sic.)  Wildcat began drilling an oil and gas well for Discovery in late 2014.

**{¶ 3}** The Ohio Department of Natural Resources, Division of Oil & Gas Resources Management ("ODNR") notified Discovery that Wildcat had violated Ohio law by improperly using brine in its drilling operations. Discovery negotiated with ODNR and agreed to pay a $50,000 fine. Discovery then demanded that Wildcat indemnify it under the terms of their contract for its payment of the fine. Wildcat refused.

**{¶ 4}** The parties sued each other for breach of contract and filed competing motions for summary judgment. Discovery argued that Wildcat was required under the terms of the contract to indemnify it for its satisfaction of the fine imposed by ODNR. Wildcat maintained that it was not required to indemnify Discovery, because it never received notice of the ODNR claim as required by *Globe Indemn. Co.*, 142 Ohio St. 595, 53 N.E.2d 790, before Discovery agreed to settle the claim.

**{¶ 5}** The trial court determined that no genuine issues of material fact existed, and it granted summary judgment on the indemnification issue in Discovery's favor. The trial court determined that Wildcat had breached the terms of the contract by causing Discovery to pay a fine to ODNR as a result of Wildcat's drilling practices. The trial court further determined that Wildcat had known about the compliance issues with ODNR and therefore could not claim it did not have an opportunity to challenge the ODNR claim before Discovery's payment of the fine. Finally, the trial court determined that Wildcat had produced no evidence to dispute ODNR's findings that it had illegally used brine in its drilling practices. The trial court thus held that Discovery was entitled to indemnification from Wildcat.

### B. *The parties appeal to the Seventh District Court of Appeals*

**{¶ 6}** Both Discovery and Wildcat appealed the trial court's judgment to the Seventh District. On the indemnification issue, Wildcat asserted that the trial court erred in determining that it was required to indemnify Discovery, because Discovery had not provided notice of the ODNR claim to Wildcat and the fine paid by Discovery was grossly excessive. Discovery emphasized that the parties' rights

were governed by their contract and that the cases cited by Wildcat—*Globe Indemn. Co.* and its progeny—were inapplicable.

{¶ 7} The Seventh District found that the common-law notice requirements for indemnification set forth in *Globe Indemn. Co.*, 142 Ohio St. 595, 53 N.E.2d 790, applied and determined that Discovery could be entitled to indemnification only if (1) it had given proper and timely notice to Wildcat of the ODNR claim, (2) it was legally liable to respond to the settled claim, and (3) the settlement was fair and reasonable. *Wildcat Drilling, L.L.C. v. Discovery Oil & Gas, L.L.C.*, 2018-Ohio-4015, 121 N.E.3d 65, ¶ 61, 69 (7th Dist.) ("*Wildcat I*"). Because Discovery had not notified Wildcat of the ODNR claim or of its intent to settle the claim, the court of appeals held that Discovery was not entitled to indemnification, and it reversed the trial court's judgment on that issue. *Id.* at ¶ 69-71.

### C. Discovery appeals to this court

{¶ 8} Discovery appealed to this court. *See* 155 Ohio St.3d 1463, 2019-Ohio-1817, 122 N.E.3d 1285. In a fractured decision, a plurality of this court determined that the common-law notice requirements for indemnification set forth in *Globe Indemn. Co.* are inapplicable only when the parties "evince[] a clear intent" to deviate from those requirements. *Wildcat II*, 164 Ohio St.3d 480, 2020-Ohio-6821, 173 N.E.3d 1156, at ¶ 15. The lead opinion explained that a clear intent to abrogate the common-law notice requirements set forth in *Globe Indemn. Co.* does not require "talismanic or magical language," but it does require more than simply including an indemnity clause in the contract. *Wildcat II* at ¶ 15-18. The court reversed the Seventh District's decision in *Wildcat I* and remanded the matter to the trial court to consider whether under the plain language of the contract, the parties expressed a "clear intent" to abrogate the common-law notice requirements. *Wildcat II* at ¶ 18.

*D. On remand, the lower courts conclude that the contract language does not express a clear intent by the parties to abrogate the common-law notice requirements for indemnification*

{¶ 9} On remand, Wildcat moved for summary judgment in the trial court, claiming that the contract's language did not express a clear intent by the parties to abrogate the common-law notification requirements for indemnification. Thus, Wildcat argued that Discovery was required to give Wildcat notice of the ODNR claim before settling the claim and that because it did not do so, Discovery's claim for indemnity must be dismissed.

{¶ 10} Discovery opposed Wildcat's motion for summary judgment. It argued that a genuine issue of material fact existed regarding whether the parties intended to abrogate the common-law notice requirements and whether Discovery had satisfied those requirements. Discovery maintained that its contract with Wildcat did not need to contain an explicit rejection of the common-law notice requirements to abrogate the common law.

{¶ 11} After reviewing the contract between Discovery and Wildcat, the trial court found no indication that the parties unequivocally stated that they intended to abrogate Ohio's common-law notice requirements for indemnification. The court further found that because the parties made no reference to *Globe Indemn. Co.*, 142 Ohio St. 595, 53 N.E.2d 790, in the contract, it was unclear whether the parties had intended to waive those requirements. The court granted Wildcat's motion for summary judgment.

{¶ 12} On appeal, the Seventh District affirmed the trial court's judgment. 2022-Ohio-1125, ¶ 2 ("*Wildcat III*"). The appellate court determined that the contract between Wildcat and Discovery contained no reference concerning the parties' rights to settle disputes without first providing notice of the claim to the other party. *Id.* at ¶ 38. It noted that the "without limit" language in paragraph 17.11 of the contract did not clearly indicate that indemnification would be made

for a voluntary settlement irrespective of the common-law notice requirements. *Id.* Additionally, the appellate court found that the presence of a duty-to-defend clause in paragraph 17.9.1 of the contract implied that notice of a claim would be required. *Id.* at ¶ 39. Therefore, the appellate court concluded that the parties did not evince in their contract a clear intent to abrogate the common-law notice requirements for indemnification set forth in *Globe Indemn. Co.*, but rather, the contract terms implied that notice of a voluntary settlement was a condition precedent to indemnification. *Wildcat III* at ¶ 40.

## II. Analysis

{¶ 13} Discovery appealed to this court, and we accepted the appeal to consider Discovery's first proposition of law: "Contractual clauses that specify that they are only limited by the terms of the contract itself evince a clear intent to abrogate common law." *See* 167 Ohio St.3d 1470, 2022-Ohio-2633, 191 N.E.3d 446. This proposition of law presents a question of law that we review de novo. *See Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576, 697 N.E.2d 208 (1998).

*A. A contract that includes an express indemnification provision evinces a clear intent by the parties to abrogate the common law*

{¶ 14} In Ohio, parties "have a fundamental right to contract freely with the expectation that the terms of the contract will be enforced." *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 36, 514 N.E.2d 702 (1987); *see also Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 8; *Blount v. Smith*, 12 Ohio St.2d 41, 47, 231 N.E.2d 301 (1967). "This freedom 'is as fundamental to our society as the right to speak without restraint.' " *Nottingdale Homeowners' Assn., Inc.* at 36, quoting *Blount* at 47.

{¶ 15} Parties to a contract may include terms in derogation of the common law, but the intent to do so must be clearly indicated. *Cheatham I.R.A. v. Huntington Natl. Bank*, 157 Ohio St.3d 358, 2019-Ohio-3342, 137 N.E.3d 45, ¶ 30;

*see also Alyeska Pipeline Serv. Co. v. Wilderness Soc*., 421 U.S. 240, 256, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) ("absent statute or enforceable contract, litigants pay their own attorneys' fees"). This includes contracting for specific indemnity protections.

**{¶ 16}** Indemnity "is the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement." *Worth v. Aetna Cas. & Sur. Co.*, 32 Ohio St.3d 238, 240, 513 N.E.2d 253 (1987); *see also Reynolds v. Physicians Ins. Co. of Ohio*, 68 Ohio St.3d 14, 16, 623 N.E.2d 30 (1993). In cases of implied indemnity (i.e., common-law indemnity), the rights of the parties arise from the negligent or otherwise tortious act of another. *Maryland Cas. Co. v. Frederick Co*., 142 Ohio St. 605, 607, 53 N.E.2d 795 (1944), citing 31 Corpus Juris 447, Section 47. " 'This right of indemnity is based upon the principle that every one is responsible for his own negligence, and if another person has been compelled by the judgment of a court having jurisdiction to pay the damages which ought to have been paid by the wrongdoer they may be recovered from him.' " *Id.*, quoting 31 Corpus Juris, 447, Section 47.

**{¶ 17}** Express indemnity, however, is based on a written agreement or contract in which one party (the indemnitor) promises to indemnify another party (the indemnitee) for payments it makes under circumstances set forth in the agreement or contract. *See Worth* at 240. And the nature of the indemnity relationship is determined by the intent of the parties, as expressed by the language used in the agreement or contract. *Id.* When the indemnitor expressly agrees to indemnify an indemnitee, the indemnitor is obligated to do so under the terms of the agreement or contract. *Allen v. Std. Oil Co*., 2 Ohio St.3d 122, 443 N.E.2d 497 (1982), paragraph one of the syllabus. Therefore, when parties have entered into an agreement or contract that includes an indemnification clause, unless that clause is ambiguous or otherwise unlawful, it will be applied as written because the agreement or contract governs the rights of the parties. This straightforward rule

ensures that the parties can fully understand and protect their rights under the agreement or contract.

{¶ 18} Therefore, we conclude that the inclusion of an indemnification provision in a contract shows clear intent by the parties to deviate from the common law and thus the parties are not required to also include an express statement in the contract abrogating the common law for the common law not to apply. *See Diamond Transp. Logistics, Inc. v. Kroger Co., Inc.*, __ F.Supp.3d __, __, 2023 WL 34688, *11-12 (S.D.Ohio 2023) (federal district court concluded that an express indemnification provision in an agreement between parties indicated the parties' "clear intent to step away from the common-law framework" even though the common-law notice requirements for indemnification were not explicitly referred to in the agreement). In this case, the indemnification provision in the contract between Wildcat and Discovery contains no notice requirement in relation to the voluntary settlement of a claim. Thus, based on the plain language of the contract, Discovery was not required to give Wildcat notice of the ODNR claim before its voluntary settlement of that claim. This should end the analysis.

B. *The language of the contract evinces the parties' clear intent to abrogate the common-law notice requirements for indemnification*

{¶ 19} However, even assuming arguendo that the existence of the express indemnification provision was not enough to clearly demonstrate an intent to abrogate the common law, the various provisions in the contract and the broad language used by the parties support the conclusion that they intended to depart from the common-law notice requirements for indemnification set forth in *Globe Indemn. Co.*, 142 Ohio St. 595, 53 N.E.2d 790.

{¶ 20} We determine the intent of the parties to a contract from the language used in the contract, and "there can be no intendment or implication inconsistent with the express terms thereof." *Latina v. Woodpath Dev. Co.*, 57 Ohio St.3d 212, 214, 567 N.E.2d 262 (1991). Therefore, we look to the plain language of the

contract to determine whether the parties in this case intended to depart from the common-law notice requirements set forth in *Globe Indemn. Co.*

**{¶ 21}** Wildcat's duty to indemnify Discovery is broad. In paragraph 17.9.1 of the contract, the parties agreed that Wildcat "shall assume full responsibility for and shall defend, *indemnify*, and hold [Discovery] harmless from and against *any loss*, damage, expense, claim, *fine and penalty*, *demand*, *or liability* for pollution or contamination." (Emphasis added.) And in paragraph 17.11, the parties agreed that "all *indemnity* obligations *and/or liabilities*" are "*without limit* and without regard to the cause or causes thereof." (Emphasis added.) The terms in neither of these paragraphs required Discovery to provide Wildcat with notice of the ODNR claim or its intent to enter into a voluntary settlement with ODNR.

**{¶ 22}** Additionally, the phrase "[a]ny loss" as used in the contract means exactly that—*any* loss—and the contract does not contain conditions or qualifiers regarding the type of loss. In interpreting contracts, we must give words their clearly intended meaning. *See Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 245-246, 374 N.E.2d 146 (1978). The contract at issue here does not qualify this indemnity responsibility, and we will not add any such requirements to the contract. *See Glaspell v. Ohio Edison Co.*, 29 Ohio St.3d 44, 48, 505 N.E.2d 264 (1987).

**{¶ 23}** After reviewing the two indemnification paragraphs in the contract between Wildcat and Discovery, we find that the plain language of the contract is clear—it does not matter that Discovery did not provide Wildcat with notice of the ODNR claim before it entered into a voluntary settlement of that claim, because Wildcat is required to indemnify Discovery for liabilities arising from the well-drilling violation under the broad language in the contract.

*C. Wildcat and Discovery knew how to include a notice provision for indemnification in the contract if they had desired one*

**{¶ 24}** The parties' intention to abrogate the common-law notice requirements for indemnification is also evidenced by their inclusion of notice provisions in other areas of the contract. "Expressio unius est exclusio alterius is an interpretative maxim meaning that if certain things are specified in a law, contract, or will, other things are impliedly excluded." *State ex rel. Paluf v. Feneli*, 69 Ohio St.3d 138, 143, 630 N.E.2d 708 (1994). Essentially, had the parties wanted to include a notice provision regarding indemnification for payment of a voluntary settlement, they knew how to do so and would have done so.

**{¶ 25}** Here, the contract at issue includes several provisions that require one party to provide written notice to the other party before acting, such as (1) for early termination of the contract, (2) for payment of liquidated damages for termination of the contract, (3) for cancelling or materially changing insurance coverage, and (4) for force majeure. Nowhere in the contract do the parties agree that either party must provide the other with notice of a claim before entering into a voluntary settlement of that claim in order to exercise its indemnification rights. Therefore, under the maxim expressio unius est exclusio alterius, the parties' decision to omit a notice provision in the indemnification paragraphs of the contract supports the conclusion that they did not intend to require that such notice be provided. This is especially true since notice provisions are conditions precedent and they are not to be implied lightly. *See M3 Producing, Inc. v. Tuggle*, 2017-Ohio-9123, 91 N.E.3d 805, ¶ 14 (5th Dist.) ("A condition precedent is a condition that must be performed before the obligations in the contract become effective").

*D. The duty to defend is separate and distinct from the duty to indemnify*

**{¶ 26}** Lastly, we reject Wildcat's argument that Discovery's failure to provide notice of the ODNR claim before its voluntary settlement of that claim is inconsistent with Wildcat's duty to defend—an argument that was accepted by the

Seventh District, *see Wildcat III*, 2022-Ohio-1125, at ¶ 39. We recognize that Wildcat did not raise this argument at any time in the lower courts prior to appealing to this court in *Wildcat II*. Additionally, Wildcat did not allege in its complaint that Discovery had breached the contract by eliminating Wildcat's duty to defend when it failed to provide adequate notice of the ODNR claim before entering into a voluntary settlement. Thus, Wildcat's arguments concerning notice and its duty to defend under the contract were not preserved and should not have been entertained on appeal following remand. *See Ohio Power Co. v. Burns*, 171 Ohio St.3d 84, 2022-Ohio-4713, 215 N.E.3d 527, ¶ 40 (plain-error review of forfeited arguments is limited to extremely rare cases involving exceptional circumstances in which the error essentially challenges the legitimacy of the judicial process).

{¶ 27} But even if we address the issue whether notice of a claim is implied in the duty to defend, our determination of the issue would not matter here, because "[t]he duty to defend is separate and distinct from the duty to indemnify," *W. Lyman Case & Co. v. Natl. City Corp.*, 76 Ohio St.3d 345, 347, 667 N.E.2d 978 (1996). *See also Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 19 ("insurer's duty to defend is broader than and distinct from its duty to indemnify"). As stated before, Wildcat did not sue Discovery for a breach of contract concerning its duty to defend. And Wildcat's indemnity obligations set forth in the contract are listed separately from its defense responsibilities. Therefore, in this case, we cannot conclude that Wildcat's duty to defend under the contract gives rise to a mandatory notice requirement of a claim before entering into a voluntary settlement.

### III. Conclusion

{¶ 28} We hold that *Wildcat II* was wrongly decided and that the requirements announced in *Globe Indemn. Co.*, 142 Ohio St. 595, 53 N.E.2d 790, for determining whether an indemnitee may recover from an indemnitor when the indemnitee has settled a claim without the indemnitor's involvement do not apply

when the parties' rights are governed by an indemnification provision in a contract. Furthermore, we find that the indemnification provision in the contract between Wildcat and Discovery evinces a clear intent by the parties to deviate from the common-law notice requirements for indemnification. Therefore, we reverse the judgment of the Seventh District Court of Appeals, vacate the judgment of the trial court that was issued following this court's decision in *Wildcat II*, and reinstate the trial court's original determination, which was issued prior to this court's decision in *Wildcat II*, that Discovery is entitled to indemnification from Wildcat for its payment of the fine imposed by ODNR.

{¶ 29} We recognize that some people may consider this result unfair or inequitable. But we must emphasize that "[i]t is not the responsibility or function of this court to rewrite the parties' contract in order to provide for a more equitable result." *Hope Academy Broadway Campus v. White Hat Mgt., L.L.C.*, 145 Ohio St.3d 29, 2015-Ohio-3716, 46 N.E.3d 665, ¶ 37. Nor is it the responsibility of this court to revive on appeal the parties' forfeited arguments. Absent fraud or other unlawfulness by one or more parties, courts are powerless to save a competent party from the effects of that party's own voluntary agreement. *See id.*

Judgment reversed.

KENNEDY, C.J., and DEWINE and DETERS, JJ., concur.

DONNELLY, J., dissents, with an opinion.

STEWART, J., dissents, with an opinion joined by BRUNNER, J.

———————————

**DONNELLY, J., dissenting.**

{¶ 30} This case should be resolved by applying "the imminently practical and reasonable requirements for indemnification set forth in *Globe Indemn. Co.* [*v. Schmitt*, 142 Ohio St. 595, 53 N.E.2d 790 (1944)]." *Wildcat Drilling, L.L.C. v. Discovery Oil & Gas, L.L.C.*, 164 Ohio St.3d 480, 2020-Ohio-6821, 173 N.E.3d 1156, ¶ 44 (Donnelly, J., dissenting). Instead, the majority opinion proffers one

unreasonable justification after another to rationalize what it admits may be an unfair conclusion. Each rationale given by the majority in support of its determination can be rejoined with the same sentence: Discovery didn't do that, because it reasonably believed that this court's holding in *Globe Indemn. Co.* applied to the indemnification provision in the contract at issue here and would protect it.

{¶ 31} For decades, the common law (and common sense) required those intending to seek indemnification after entering into a voluntary settlement to provide timely notice to the one from which indemnity is sought. *See Globe Indemn. Co.* at 604. Today's majority opinion needlessly eviscerates this aspect of the common law. I dissent.

_____

**STEWART, J., dissenting.**

{¶ 32} The trial court and the Seventh District Court of Appeals applied the law to this case as instructed by this court in *Wildcat Drilling, L.L.C. v. Discovery Oil & Gas, L.L.C.*, 164 Ohio St.3d 480, 2020-Ohio-6821, 173 N.E.3d 1156, ¶ 17, and both courts reached a logical conclusion based on the facts of the case. Yet the majority rejects the court of appeals' analysis and eschews our prior holding, using this appeal as an opportunity to impose the result advocated for in the first dissenting opinion in *Wildcat. See id.* at ¶ 32-42 (Fischer, J., dissenting). So at best here, the majority merely substitutes the reasoning of the prior dissenting opinion in place of the legal analyses conducted by the trial and appellate courts, ostensibly correcting what the majority perceives to be error. I would instead dismiss this case as having been improvidently accepted.

{¶ 33} This is the second time we have accepted an appeal in this case for discretionary review. 155 Ohio St.3d 1463, 2019-Ohio-1817, 122 N.E.3d 1285; 167 Ohio St.3d 1470, 2022-Ohio-2633, 191 N.E.3d 446. In our first decision, we remanded the case to the trial court for it to "consider whether the parties intended

to abrogate the common-law requirements on indemnification." *Wildcat* at ¶ 17. And on remand, the lower courts did just that. The trial court and the court of appeals each concluded that the parties' contract did not clearly evince an intent to abrogate the common-law principles on indemnification. Mahoning C.P. No. 15 CV 1959 (June 30, 2021); 2022-Ohio-1125, ¶ 2, 38. Simply put, the lower courts followed this court's instructions and interpreted the parties' contract accordingly. So, this case should be dismissed as having been improvidently accepted because even if the majority had determined only that the case was wrongly decided on remand, our role is not to engage in error correction. *See State v. Barnes*, __ Ohio St.3d __, 2022-Ohio-4486, __ N.E.3d __, ¶ 48 (Fischer, J., dissenting) ("if this court is not going to provide clarity to a well-settled area of the law or guide the lower courts on how to conduct an analysis, then the case should be dismissed as having been improvidently accepted").

{¶ 34} This court has already provided clarity to the lower courts in this area of the law, and we provided clear instructions to the lower courts in this case specifically: look to the parties' contract to determine if they have abrogated the common-law notice requirements set forth in *Globe Indemn. Co. v. Schmitt*, 142 Ohio St. 595, 53 N.E.2d 790 (1944). *See Wildcat* at ¶ 17. While the majority's decision today is arguably just as clear in that it is an outright rejection of this court's holding in *Wildcat*, this abrupt turn-on-a-dime decision does nothing to aid in the analysis of contract interpretation against the backdrop of well-established principles of common law in this area.

{¶ 35} The lower courts followed the instructions set forth by this court in *Wildcat*, 164 Ohio St.3d 480, 2020-Ohio-6821-173, N.E.3d 1156, and reached a logical conclusion based on the facts of the case and the language of the contract. There is no reason to disturb that rational result and replace it with a blanket rejection of the well-established common-law principles simply because a contract is involved—regardless of whether the language of the contract evidences a clear

intent to do so. Because this appeal involves, at best, nothing more than error correction, it should be dismissed as having been improvidently accepted. Therefore, I dissent.

BRUNNER, J., concurs in the foregoing opinion.

_____

Johnson & Johnson Law Firm and Molly K. Johnson, for appellee.

Manchester Newman & Bennett, L.P.A., David A. Detec, Thomas F. Hull II, and Karly B. Johnson, for appellant.

_____