[Cite as *Total Quality Logistics, L.L.C. v. JK & R Express, L.L.C.*, 2019-Ohio-20.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | |
| Appellant, | : | CASE NO. CA2018-05-034 |
| | : | O P I N I O N |
| - vs - | | 1/7/2019 |
| | : | |
| JK & R EXPRESS, LLC, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016-CVH-01684

Bricker & Eckler LLP, Jeffrey P. McSherry, 201 East Fifth Street, Suite1110, Cincinnati, Ohio 45202, for appellant

Roetzel & Andress LPA, Chad M. Sizemore, 250 East Fifth Street, Suite 310, Cincinnati, Ohio 45202, for appellee

**RINGLAND, P.J.**

{¶ 1} Plaintiff-appellant, Total Quality Logistics, LLC ("TQL"), appeals a decision of the Clermont County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, JK & R Express, LLC ("JK & R"). For the reasons detailed below, we affirm the trial court's decision.

{¶ 2} The relevant facts are largely undisputed. TQL is a freight broker. In this

capacity, TQL arranges for transportation of their customers' products from one location to another. As such, TQL's customers pay TQL for arranging the transportation of their products with a carrier, and TQL then pays the carrier to transport the product. JK & R is a carrier that transports such products. In January 2016, TQL and JK & R entered into a broker-carrier agreement that provided terms for the transportation of TQL's customers.

{¶ 3} Contel Fresh contacted TQL and requested transportation of a load of organic apples from Washington to locations in Missouri and New Jersey. TQL and JK & R reached an agreement for JK & R to transport the apples for $5,900. TQL faxed JK & R a confirmation sheet indicating the price and locations where the apples were to be picked up and delivered. On June 28, 2016 JK & R picked up the apples. However, while en route to Missouri, JK & R's trailer caught fire, resulting in a complete loss of the apples.

{¶ 4} TQL reimbursed Contel Fresh $86,240 for the loss of the apples by offsetting open invoices that Contel Fresh owed TQL. Contel Fresh then assigned all claims and causes of action it had against JK & R to TQL for the loss of the apples.

{¶ 5} On December 7, 2016, TQL filed the instant action against JK & R seeking damages for breach of contract and breach of account, or, in the alternative, unjust enrichment and promissory estoppel. TQL and JK & R both moved for summary judgment. Relevant to this appeal, the trial court found that JK & R was entitled to judgment as a matter of law on TQL's claim against JK & R for the loss of the apples. TQL now appeals, raising three assignments of error for review. For ease of discussion, we will address the assignments of error out of order.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF-APPELLANT'S BREACH OF CONTRACT CLAIM RELATING TO CARGO LOSS AND DAMAGE CAUSED BY

DEFENDANT AND IT ALSO ERRED BY DENYING AND [sic] PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT ON ITS BREACH OF CONTRACT CLAIM.

{¶ 8} Assignment of Error No. 3:

{¶ 9} THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF-APPELLANT'S BREACH OF CONTRACT CLAIM RELATING TO CARGO LOSS AND DAMAGE CAUSED BY DEFENDANT FINDING THAT NO GENUINE ISSUES OF MATERIAL FACT EXISTED WITH RESPECT TO THE SECOND *GLOBE* FACTOR.

{¶ 10} We will address TQL's second and third assignments of error together. This court reviews summary judgment decisions de novo. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there are no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law and, (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St. 3d 367, 369-70 (1998).

{¶ 11} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 9. Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trier of fact to resolve. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

{¶ 12} TQL sought damages for the cargo loss that occurred while the apples were in

possession of JK & R. The trial court noted that such claims are typically resolved under the Carmack Amendment. *See Total Quality Logistics, L.L.C. v. Red Chamber Co.*, 12th Dist. Clermont No. CA2016-09-062, 2017-Ohio-4369, ¶ 11. However, in this case, TQL pursued its claims against JK & R solely on the basis of the broker-carrier agreement.[1] As a result, the trial court construed the terms of the parties' contractual obligations.

{¶ 13} TQL argues that the terms contained in the broker-carrier agreement demonstrate that it is entitled to be indemnified by JK & R. Pursuant to Section 8:

> 8. **CARGO LIABILITY AND CLAIMS**. * * * CARRIER is fully responsible and liable for the freight once in possession of it, and the trailer(s) is loaded, even partially, regardless of whether a bill of lading has been issued, signed, and/or delivered to CARRIER. CARRIER'S responsibility/liability shall continue until proper and timely delivery of the shipment to the consignee and the consignee signs the bill of lading or delivery receipt evidencing successful delivery.

> 10. **INDEMNIFICATION**. CARRIER agrees to defend, indemnify, and hold BROKER and CUSTOMERS harmless from and against any and all claims or liability * * * arising out of or in any way related to CARRIER'S negligence, willful misconduct, acts, omissions, or performance or failure to perform under this Agreement, including, without limitation, claims or liability for cargo loss and damage, theft, delay, damage to property, and bodily injury and/or death.

{¶ 14} Because TQL asserts that JK & R is liable for the loss of apples under a theory of contractual indemnification, the trial court found that the claim must comply with the principles of indemnity under Ohio law.

> Indemnity shifts the entire loss from one who has been compelled to make payment to the plaintiff to another who is deemed responsible for reimbursing the full amount. The right to indemnity exists when the relationship between the parties requires one to bear the loss for the other. This right may arise from common law, contract, or in some cases, statutes. When a judgment is obtained against the indemnitee, an indemnitor who

---

1. It is uncontested that TQL is a broker, not a shipper. TQL pursued this claim solely on the basis of the broker-carrier agreement. In its reply brief before the trial court, TQL stated that it was not suing under the Carmack Amendment or under the Release and Assignment that TQL's customer provided it.

has been given proper notice and an opportunity to defend the action falls in that class of non-parties who are bound by the outcome.

*Portsmouth Ins. Agency v. Med. Mut. of Ohio*, 188 Ohio App.3d 111, 2009-Ohio-941, ¶ 16 (4th Dist.)

{¶ 15} The Supreme Court of Ohio has stated that when an indemnitee settles a claim, instead of litigating it, the indemnitee is entitled to indemnification if the indemnitee shows (1) that the indemnitee has given proper and timely notice to the party from whom indemnity is sought, (2) that the indemnitee was legally liable to respond to the settled claim, and (3) that the settlement was fair and reasonable. *Brown v. Gallagher*, 4th Dist. Ross No. 12CA3332, 2013-Ohio-2323, ¶ 13, citing *Globe Indemn. Co. v. Schmitt*, 142 Ohio St. 595 (1944), paragraph four of the syllabus.

{¶ 16} Initially, TQL argues that *Globe* and its progeny do not apply because of the express contractual provision contained in the broker-carrier agreement. TQL maintains that *Globe* applies to implied indemnification as a "default used to provide a fair process to parties who did not knowingly or voluntarily accept indemnification." However, we find TQL's argument to be unpersuasive. As recently held by the Seventh District Court of Appeals, the *Globe* factors apply to cases involving written indemnification. *Wildcat Drilling, L.L.C. v. Discovery Oil and Gas, L.L.C.*, 7th Dist. Mahoning No. 17 MA 0018, 2018-Ohio-4015. We agree with the sentiment therein and find that, in order to prevail on its claim, TQL must satisfy the appropriate burden under the *Globe* analysis.

{¶ 17} In the present case, the trial court found that TQL failed to establish the second *Globe* factor that requires a showing that TQL was legally liable to respond to the settled claim. In so doing, the trial court noted that TQL only made conclusory statements regarding the obligation to pay Contel Fresh. TQL cited the affidavit of Marc Bostwick, TQL's corporate representative, in support of its obligation to pay. However, the trial court found

that Bostwick's affidavit failed to mention that TQL was required to make payment to Contel Fresh. Instead the affidavit merely indicated that "TQL reimbursed its customer Contel Fresh, for the loss for the apples which amounted to $86,240." Furthermore, the trial court referenced Bostwick's deposition testimony regarding TQL's liability to Contel Fresh:

Q. Did - -and you said that - - did TQL have any contract to pay Contel if the load was damaged or in transportation?

A. Not that I'm aware of.

Q. Is it common for TQL to pay its customer's claims?

A. It's - - each claim is on an individual basis. I mean, we don't always pay a claim. We don't always turn one down either. It just depends on a lot of different factors.

Q. Well, what I'm trying to get at is, why didn't TQL tell Contel Fresh the apples burned up during transportation with JK & R Express, submit a claim to JK & R Express?

A. Well, we're the ones that chose JK & R or arranged it with them, or JK & R chose us, I don't know which, but. And oftentimes, when you - - if you don't - - if Contel wanted to be paid from TQL and we had not allowed that or told them no or whatever, we probably wouldn't continue to do business with Contel.

Q. Okay.

A. Probably.

Q. So it was a business consideration?

A. That would be one of the factors for sure.

{¶ 18} The trial court further examined the remaining evidence and concluded that TQL failed to support its conclusory statement that it was required to pay Contel Fresh. In so doing, the trial court noted:

TQL does not claim that it had an ownership interest in the apples. There is no evidence in the record that Contel Fresh initiated an action against TQL for the loss of the apples or that Contel Fresh obtained a judgment against TQL for the loss. If TQL entered into a settlement agreement with Contel Fresh, it

must satisfy the three-part test announced by the Ohio Supreme Court in *Globe Indemn. Co.*

{¶ 19} Following review, we agree with the trial court's decision that there are no genuine issues of material fact with respect to the second *Globe* factor and thus judgment was appropriately granted in favor of JK & R. As noted by the trial court, TQL failed to show that it was legally liable to respond to the settled claim involving Contel Fresh. Though the broker-carrier agreement provided for terms of indemnification between TQL and JK & R, TQL has not presented any evidence that it had any liability to Contel Fresh for the loss of the apples.

{¶ 20} On appeal, TQL emphasizes that Contel Fresh submitted an invoice to TQL demanding payment for the loss of the apples and maintains that the "invoice is a commercial document that is submitted for purposes of payment. Therefore, TQL was obligated to respond to this invoice."

{¶ 21} Nevertheless, contrary to TQL's argument, merely because Contel Fresh demanded payment does not mean it was entitled to such under the terms of the written agreement. "*Globe* does not speak in terms of potential liability." *Blair v. Mann*, 4th Dist. Lawrence No. 98CA35, 1999 Ohio App. LEXIS 1630, at *7 (Apr. 8, 1999). Rather, to recover indemnity following a voluntary payment, "it must appear that the party paying was himself legally liable and could have been compelled to satisfy the claim." *Id.* Here, TQL has not shown that it was legally liable to pay for the loss of the apples.[2] Therefore, TQL's claim fails the second *Globe* factor. As a result, the trial court did not err by denying TQL's motion for summary judgment or by granting JK & R's motion for summary judgment. TQL's second

---

2. During oral argument, the parties addressed the issue of potential unfairness that may arise since TQL made payment to Contel Fresh for a claim that JK & R may otherwise have been responsible for under the Carmack Amendment had Contel Fresh made the claim directly against JK & R. Though JK & R ultimately received a benefit from this arrangement, this court cannot construe the contract to provide for the relief requested by TQL. There is no other theory of recovery currently before this court.

and third assignments of error are overruled.

{¶ 22} Assignment of Error No. 1:

{¶ 23} THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF-APPELLANT'S BREACH OF CONTRACT CLAIM BASED UPON PLAINTIFF-APPELLANT'S PURPORTED FAILURE TO ADDRESS THE SECOND *GLOBE* FACTOR BECAUSE DEFENDANT-APPELLEE DID NOT RAISE THE SECOND *GLOBE* FACTOR, OR ANY OTHER *GLOBE* FACTOR, AS A BASIS FOR ITS MOTION FOR SUMMARY JUDGMENT.

{¶ 24} In its first assignment of error, TQL argues the trial court erred by granting summary judgment in favor of JK & R based on a failure to establish any genuine issue of material fact as to the second *Globe* factor. In so doing, TQL alleges that JK & R did not argue the *Globe* factors as a basis for summary judgment and therefore they were not properly put on notice of the argument prior to the trial court's decision. We disagree.

{¶ 25} As this court recently stated, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Total Quality Logistics*, 2017-Ohio-4369 at ¶ 9, citing *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), paragraph one of the syllabus. "A trial court, generally, may not sua sponte grant summary judgment upon grounds not raised by the prevailing party." *Id.* However, a trial court does not deprive a party of a meaningful opportunity to respond where the party has notice of an issue. *Ballinger v. Leaniz Roofing, Ltd.*, 10th Dist. Franklin No. 07AP-696, 2008-Ohio-1421, ¶ 22.

{¶ 26} Thus, the inquiry requires this court to examine the substance of the motion for summary judgment in the context of the statute to determine whether notice was present. *Total Quality Logistics* at ¶ 10. In the present case, TQL argues the trial court erred by finding that TQL failed to establish the second *Globe* factor because JK & R never raised

the issue or even mention the *Globe* factors in its motion for summary judgment. Therefore, TQL maintains "[g]iven that JK & R never raised the second *Globe* factor as a basis for its summary judgment motion, TQL was not put on notice that it needed to present evidence as to the second *Globe* factor (or any *Globe* factor) in its memorandum in opposition."

{¶ 27} We find TQL's argument to be without merit, as TQL had notice of the relevant issue and the trial court did not sua sponte grant summary judgment on an issue not raised. As noted above, TQL asserted its claim for indemnification and therefore was required to comply with the principles of indemnity under Ohio law. The second *Globe* factor requires a showing "that the indemnitee was legally liable to respond to the settled claim." *Globe Indemn. Co.*, 142 Ohio St. 595 at paragraph four of the syllabus.

{¶ 28} In this case, JK & R argued in both its motion for summary judgment and in its memorandum in opposition to TQL's motion for summary judgment that TQL was not obligated to pay Contel Fresh's claim. For example, in its motion for summary judgment JK & R specifically stated "TQL should not have paid its customer because its customer's claim was not valid and TQL had no obligation to pay." Furthermore, JK & R also argued that "TQL made a business decision to pay Contel Fresh as not to lose Contel Fresh's business." Both JK & R's motion for summary judgment and memorandum in opposition to summary judgment raise, liberally, the argument that TQL was not legally liable to respond to the settled claim and thus the second *Globe* factor. As a result, we find that TQL was put on notice of the relevant issue and was not deprived of a meaningful opportunity to respond. Therefore, TQL's first assignment of error is overruled.

{¶ 29} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.